IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John P. McMullen<br>        Debtor(s)<br><br>Partners for Payment Relief DE IV, LLC<br>        Defendant<br>vs.<br><br>John P. McMullen<br>        Debtor(s) | CHAPTER 13<br><br>NO. 21-10454 MDC |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. Partners for Payment Relief DE IV, LLC (hereinafter referred to as "Defendant") and Debtor, John P. McMullen (hereinafter referred to as "Debtor"), stipulate that Creditor, LPP Mortgage, Inc. holds a first mortgage on the real property located at 604 Milleson Lane, West Chester, PA 19380 (hereinafter referred to as the "the Property"), as evidenced by a certain Mortgage dated November 9, 2006 and recorded on November 16, 2006, with the Chester County Recorder of Deeds as document number 10704751 (hereinafter referred to as "the First Mortgage").

2. Creditor, LPP Mortgage, Inc. filed a Proof of Claim in the instant bankruptcy in the amount of $815,103.16 for the First Mortgage.

3. Defendant holds a second mortgage, as evidenced by a certain Mortgage dated November 9, 2006 and recorded on November 16, 2006, with the Chester County Recorder of Deeds as book number 7009, page number 207 (hereinafter referred to as the "Second Mortgage").

4. Defendant filed a Proof of Claim in the amount of $196,706.45 in the instant bankruptcy for the Second Mortgage.

5. The parties stipulate that the Property lacks sufficient equity to secure the Second Mortgage.

6. The Second Mortgage held by Defendant on Debtor's Property is "wholly unsecured" and entirely void pursuant to 11 U.S.C. Section 506(d).

7. Pursuant to 11 U.S.C. Section 349(b)(1)(c), the lien avoided by this stipulation pursuant to 11 U.S.C. Section 506 (d) shall be reinstated in the event the above-captioned bankruptcy case is dismissed. Should the bankruptcy case be dismissed or converted to another chapter under the Bankruptcy Code, the Second Mortgage will be fully reinstated without further order of this Court.

8. Upon the successful completion of the Chapter 13 Plan or the issuance of a Discharge Order, Defendant shall take all steps necessary to release the Second Mortgage lien on the Property.

Date: December 27, 2021

/s/Rebecca A. Solarz, Esq.
Rebecca A. Solarz, Esq.
Attorney for Defendant

Date: 1/3/22

Zachary Perlick, Esq.
Attorney for Debtor(s)

Approved by the Court this _____ day of _____, 2022. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Magdeline D. Coleman